UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No. 0:21-cv-62379

CAYLEE S. SMITH,

    Plaintiff,

v.

HUNTINGTON DEBT HOLDING, LLC,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** Plaintiff, CAYLEE S. SMITH, by and through her undersigned counsel, complaining of Defendant, HUNTINGTON DEBT HOLDING, LLC, as follows:

### NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55*et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. CAYLEE S. SMITH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Pompano Beach, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Plaintiff is a "consumer" as defined by Fla. State. §559.55(8).

7. HUNTINGTON DEBT HOLDING, LLC, ("Defendant") is a debt collection agency which maintains its principal place of business at 1965 Sheridan Drive, Buffalo, New York 14223.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

9. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7) because it regularly engages in debt collection in its ordinary course of business.

## FACTUAL ALLEGATIONS

10. At some point in time, Plaintiff purchased furniture from Wayfair through a financing company called Catapult.

11. Due to financial difficultly, Plaintiff was unable to pay the balance ("subject debt").

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. The subject debt was eventually placed with Defendant for collection.

14. On November 8, 2021, Plaintiff received a phone call from Defendant.

15. During this phone call, Defendant inquired if it had reached Caylee.

16. Before confirming her identity, Plaintiff asked Defendant what the phone call was regarding.

17. In reply, Defendant asked if Plaintiff would be available on Wednesday for a signature.

18. Confused, Plaintiff asked why Defendant would need a signature from her.

19. Defendant then stated that Plaintiff owed $300 to Catapult and that Defendant had been unable to reach her regarding this debt so Defendant was pursuing legal action.

20. Startled by this information, Plaintiff asked if the call was being recorded, to which Defendant stated it was marking the account as a refusal to pay since Plaintiff would not settle the debt willingly.

21. At that point, Defendant stated several sensitive pieces of information regarding Plaintiff, including her date of birth, her address, and the amount of the subject debt.

22. At no point did Defendant actually confirm Plaintiff's identity or advise Plaintiff of her rights as required by 15 U.S.C. §1692e(11).

23. Before disconnecting, Defendant stated someone would be coming to Plaintiff's home for a signature on Thursday, and that it will be pursuing legal action against Plaintiff.

24. Thursday, November 11, 2021, is Veterans' Day and a federal holiday, meaning that all courthouses will be closed, and no sheriffs will be serving Defendants in civil lawsuits on that day.

25. Frustrated by Defendant's behavior and concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

26. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692b

27. Section 1692b(2) of the FDCPA states that a debt collector may not state that a consumer owes any debt to anyone other than the consumer.

28. Defendant violated §1692b(2) by disclosing information regarding the subject debt without verifying Plaintiff's identity.

29. In other words, since Plaintiff did not identify herself when Defendant asked if it was speaking with Caylee, and Plaintiff never provided any identifying information, Defendant could not reasonably conclude that it was speaking with Plaintiff.

30. And yet, Defendant not only stated that Defendant owed a debt, but divulged specific personal information regarding Plaintiff on the phone call.

### Violation(s) of 15 U.S.C. § 1692c

31. Section 1692c(b) prohibits a debt collector from communicating with anyone other than the consumer when attempting to collect a debt.

32. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt during the phone call without verifying that it was speaking with Plaintiff.

33. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt without verification of the party to whom Defendant was speaking.

### Violations of FDCPA § 1692e

34. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt." 15 U.S.C. §1692e.

35. Section 1692e(2) of the FDCPA prohibits a debt collector from "the false representation of – (A) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

36. Section 1692e(5) of the FDCPA prohibits a debt collector from making "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

37. Section 1692e(11) of the FDCPA requires a debt collector to disclose that it is "attempting to collect a debt and any information obtained will be used for that purpose." 15 U.S.C. §1692e(11).

38. Defendant violated §§ 1692e and e(2) by stating that it could sue Plaintiff with the intention of receiving a judgment against and getting a wage garnishment.

39. In Florida, either all or part of the wages of a person who is considered the "head of household" is exempt from wage garnishment pursuant to Fla. Stat. §222.11.

40. In this instance, Plaintiff is considered a "head of household" and would not be subject to a garnishment on her wages; therefore, any attempt at a garnishment on Plaintiff's wages would result in a violation of Fla. Stat. §222.11.

41. When Defendant stated it would be suing Plaintiff and attempting to collect the subject debt through court proceedings, Defendant violated §1692e(2) of the FDCPA because it was misrepresenting the legal status of the subject debt.

42. Specifically, because Plaintiff was exempt from a wage garnishment under Fla. Stat. §222.11, Defendant would be prohibited from garnishing Plaintiff's wages to satisfy the subject debt.

43. Defendant violated §§ 1692e and e(5) when it threatened Plaintiff with taking legal action against her and requiring a signature from Plaintiff on November 11, 2021, Veterans' Day.

44. Specifically, Defendant had no legal ability to serve Plaintiff on Veterans' Day as the courthouse is closed and the sheriff's office would not be serving Plaintiffs on that day.

45. Defendant violated §§1695e and e(11) when it failed to state that Defendant was attempting to collect a debt and any information obtained in the phone call would be used for that purpose.

### Violation(s) of 15 U.S.C. § 1692f

46. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."15 U.S.C. §1692f.

47. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect the subject debt by threatening Plaintiff with a lawsuit if she did not make a payment on the subject debt.

48. Defendant used this threat to coerce Plaintiff into making a payment on the subject debt.

49. Plaintiff may enforce the provisions of the FDCPA pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, CAYLEE S. SMITH, requests the following relief:

A. a finding that Defendant violated the aforementioned statute;

  B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

  C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

  D. an award of attorney's fees and costs; and

  E. an award of such other relief as this Court deems just and proper.

## COUNT II
### Florida Consumer Collection Practices Act (Fla. Stat. §559.55 *et seq.*)

  50. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

  51. Pursuant to Subsection 559.72(5) of the FCCPA, a debt collector is prohibited from disclosing information regarding the consumer's reputation with someone other than the consumer when it should reasonably know that said person has no business need for the information or that the information is false.

  52. Defendant violated Fla. Stat. §559.72(5) by disclosing information regarding the subject debt to Plaintiff without confirming her information.

  53. By doing so, Defendant disclosed extremely sensitive information to a person it did not know to be the consumer.

  54. Had someone else answered Plaintiff's phone or had Defendant dialed the wrong number, Defendant would have divulged sensitive information regarding Plaintiff's credit worthiness to someone who was not entitled to such information.

**WHEREFORE**, Plaintiff, CAYLEE S. SMITH, requests the following relief:

A. a finding that Defendant violated Fla. Stat. §559.72(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee;

E. and an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 19, 2021                                Respectfully submitted,

**CAYLEE S. SMITH**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com